```
                                                        FILED
                                                     BILLINGS DIV.
        IN THE UNITED STATES DISTRICT COURT      2008 SEP 3 AM 11 28
              FOR THE DISTRICT OF MONTANA         PATRICK E. DUFFY, CLERK
                    BILLINGS DIVISION             BY _____
                                                       DEPUTY CLERK
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 03-74-BLG-RFC |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER TO UNITED STATES TO SHOW |
| | ) | CAUSE |
| MARION HUNGERFORD, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

On August 29, 2008, the United States filed its Answer in this proceeding under 28 U.S.C. § 2255.

**I. Motion to Rely on Sealed Document**

With its Answer, it filed a motion to rely on a sealed document, a report, dated March 14, 2005, of Hungerford's psychological evaluation at FDC Seatac by Cynthia A. Low, Ph. D. The United States asserts that only the Court and the United States should have access to the report. The evaluation was ordered by the Court, following a joint motion. See Gov't Ex. 1 (doc. 223) (sealed) at 3. The United States may show cause why the Exhibit should not be served on defense counsel. Alternatively, the Exhibit may be served on defense counsel, and the United States may file a document showing that defense counsel has received it.

**II. Answer**

The United States asserts that Hungerford's second ground for relief need not be addressed.

ORDER TO UNITED STATES TO SHOW CAUSE / PAGE 1

Hungerford claims that counsel ineffectively failed to file a timely petition for writ of certiorari. The United States reasons that Hungerford was represented by retained counsel, not appointed counsel. This argument is based on a mistake of fact.

On November 3, 2005, Hungerford moved for leave to appeal in forma pauperis and for the appointment of counsel to represent her. The motions were granted on November 14, 2005. See Mot. to Appeal (doc. 198); Order (doc. 199).

There is no Sixth Amendment right to the assistance of counsel in a discretionary appeal, such as that initiated by a petition for certiorari. See Austin v. United States, 513 U.S. 5, 8 (1994) (per curiam) ("though indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, that right does not extend to forums for discretionary review") (internal citations omitted); Ross v. Moffitt, 417 U.S. 600, 619 (1974); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (reasoning that there can be no Sixth Amendment right to counsel in state post-conviction proceedings because "the right to appointed counsel [under the Sixth and Fourteenth Amendments] extends to the first appeal of right, and no further").

However, in Wilkins v. United States, 441 U.S. 468, 469 (1979), and in Schreiner v. United States, 404 U.S. 67, 67 (1971), the United States Supreme Court held that a federal statute – the Criminal Justice Act, 18 U.S.C. § 3006A – requires appointed counsel to pursue a case through the filing of a timely petition for certiorari, provided counsel does not believe such a petition would be frivolous, see Austin, 513 U.S. at 8. Because Hungerford was represented by CJA counsel on appeal, she had a statutory right to counsel's assistance in filing a petition for writ of certiorari. The United States will be given another opportunity to address Hungerford's second claim, if it wishes to do so.

Accordingly, IT IS HEREBY ORDERED as follows:

1. On or before **September 12, 2008**, the United States shall show cause why its Answer Exhibit 1 should not be served on Hungerford's counsel, or, alternatively, it shall file a document showing that service has been made.

2. On or before **September 12, 2008**, the United States may, in its discretion, amend its Answer regarding Hungerford's second claim for relief.

3. Hungerford, acting through counsel, may file a Reply to the United States' Answer on or before **October 13, 2008**.

4. Unless a protective order is entered pursuant to Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (en banc), counsel for the United States and counsel for Hungerford shall not seek or accept disclosure of confidential information by Hungerford's trial or appellate counsel.

DATED this 5 day of August, 2008.

Richard F. Cebull, Chief Judge
United States District Court