DANIEL R. WILSON
Measure, Robbin & Wilson, P.C.
24 First Avenue East, Suite C
P.O. Box 918
Kalispell, MT 59903
Phone: (406) 752-6373 or 755-7975
Fax:    (406) 752-7168
email: danpacer@measureandwilson.com

Attorney for Defendant/Movant
Marion Hungerford

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 03-74-BLG-RFC |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT/MOVANT'S REPLY |
| MARION HUNGERFORD, | ) | TO ANSWER OF UNITED STATES |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| _____ | ) | |

Defendant/Movant Marion Hungerford ("Hungerford") replies to the government's "Brief of the United States in Response to Order to Show Cause." (Dkt. No. 227.) The government filed its brief in response to the Court's Order to Show Cause dated September 3, 2008. (Dkt. No. 225.)

1

At the hearing on her § 2255 motion and in any legal briefing ordered by the Court following the hearing, Ms. Hungerford anticipates a factual and legal response to the government's position with respect to her § 2255 motion alleging ineffective assistance of counsel by her trial counsel for failure to raise the defense of diminished capacity at trial.

With respect to the government's argument that there can be no remedy under § 2255 for her appellate counsel's failure to file a timely petition for writ of certiorari, Ms. Hungerford takes the position that the issue requires a hearing to determine the factual basis surrounding counsel's failure to timely file the petition at the Supreme Court. Further, Ms. Hungerford points out that there is no Ninth Circuit authority cited by the government in its brief to the effect that there can be no ineffective assistance as a matter of law for failure by CJA counsel to file a timely petition for writ of certiorari.

Moreover, at least one of the cases cited by the government in its brief, namely, *Linton v. United States*, 2007 WL 984053 (N.D. W. Va., Mar. 26, 2007), does not stand for the proposition that a district court cannot grant § 2255 relief for failure by counsel to file a timely petition for writ of certiorari. The *Linton* court considered the § 2255 motion alleging ineffective assistance and denied it on the merits. *See id.*, at *11 (defendant raised no significant constitutional issues).

Accordingly, the government's argument that § 2255 relief is, *per se*, unavailable to Ms. Hungerford by reason of her CJA counsel's failure to timely file a petition for writ of certiorari is misplaced. At best, the argument is premature. The Court should conduct a factual inquiry as to the basis of Ms. Hungerford's allegations of ineffective assistance in this regard and rule on the merits rather than dismissing her argument out of hand.

DATED: October 13, 2008.

                                            /s/ Daniel R. Wilson
                                            Daniel R. Wilson
                                            Attorney for Defendant/Movant
                                            Marion Hungerford