Daniel R. Wilson
MEASURE & WILSON, P.C.,
formerly Measure, Robbin & Wilson, P.C.
24 First Avenue East, Suite C
P.O. Box 918
Kalispell, MT 59903
Phone: (406) 752-6373
Fax:   (406) 752-7168
Email: pcr@measurelaw.com

Attorney for Defendant/Movant
Marion Hungerford

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 03-74-BLG-RFC |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | STATUS REPORT |
| MARION HUNGERFORD, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| _____ | ) | |

COUNSEL for Defendant/Movant Marion Hungerford makes this status report

as required by the Court's ORDER SETTING DEADLINE (doc. no. 267) and the

1

Court's text order (doc. no. 269) suspending action upon Ms. Hungerford's letter to the Court filed September 20, 2010 (doc. no. 268).

Counsel reports that the parties have reached a settlement agreement resolving the pending § 2255 motion and the underlying criminal case. The terms of the settlement are set out in writing in the SETTLEMENT AGREEMENT that accompanies the filing of this report. The SETTLEMENT AGREEMENT has been signed by Ms. Hungerford and approved by counsel for the parties. On September 27 Counsel received from Ms. Hungerford's case manager a faxed copy of the settlement agreement bearing Ms. Hungerford's signature. On September 28, the case manager represented that she would mail the original SETTLEMENT AGREEMENT to Counsel via certified mail on or before September 29.

The original SETTLEMENT AGREEMENT bearing the signatures of Ms. Hungerford, the undersigned, and AUSA James Seykora will be filed as soon as it has been received and signed by counsel.

The SETTLEMENT AGREEMENT provides that the parties will file a joint motion to reopen the underlying criminal case and to dismiss with prejudice all counts of conviction except Counts VIII and IX. In exchange, Ms. Hungerford's § 2255 motion will be dismissed and the Court will modify the original judgment to reflect a total sentence of 93 months (33 months on Count VIII consecutive to 60 months on

Count IX) followed by 8 years of supervised released (5 years on Count VIII followed by 3 years on Count IX).

With respect to Ms. Hungerford's letter filed with the Court on September 20, the undersigned Counsel can make these representations to the Court without revealing privileged attorney/client communications:

1. In spite of Ms. Hungerford's statements in her letter that "[m]y attorney...has informed me, I have won my 2255" and "the Assistant U.S. Attorney and him, have agreed on a sentence modification on my current sentence", the undersigned has a good faith understanding and belief that in spite of these statements Ms. Hungerford was not laboring under any such misunderstanding when she agreed to enter into the SETTLEMENT AGREEMENT and signed it.

2. In spite of Ms. Hungerford's statement to the Court asking the Court "to have leniency on this sentence modification and grant the sentence of 33 months for Count VIII and 60 months for Count IX to run concurrent", Ms. Hungerford does not expect, nor is she presently asking, for the Court to modify her sentence in any fashion other than what is described in the SETTLEMENT AGREEMENT.

3. In spite of Ms. Hungerford's statement that she felt "pressured by Mr. Wilson to make a decision" and that she has "not been represented by legal counsel appropriately", the undersigned has no basis to believe or understand that Ms. Hungerford felt pressured into signing the SETTLEMENT AGREEMENT on September 27, nor that she had any complaint or reason to complain about the adequacy of her legal representation. The undersigned makes this representation to the Court based on his conversations with Ms. Hungerford and her case manager on September 27.

4. The undersigned's conversations on September 27 between Counsel, Ms. Hungerford, and her case manager are accurately described as follows:

   A.  Ms. Hungerford displayed a calm demeanor;

   B.  Ms. Hungerford asked questions concerning the meaning and effect of the SETTLEMENT AGREEMENT in a non-confrontational manner; and

   C.  Ms. Hungerford participated in the discussion and came to a rational understanding of the terms of the SETTLEMENT AGREEMENT and its effect upon and consequences to her §

2255 motion and upon her sentence and her interests in the underlying criminal case.

In summary, Counsel represents to the Court his good faith belief and understanding that at the time Ms. Hungerford signed the SETTLEMENT AGREEMENT she was competent to understand its material terms and did, in fact, understand its material terms; that she signed the SETTLEMENT AGREEMENT willingly and not as the result of threats, coercion, or undue influence of any person; and that she signed the SETTLEMENT AGREEMENT with the understanding that in exchange for an agreement to voluntarily dismiss her § 2255 motion she would receive from the United States valuable concessions.

Finally, Counsel states that he has contacted AUSA James Seykora, who states no objection to the filing of this status report on behalf of the parties.

RESPECTFULLY SUBMITTED: September 29, 2010.

 /s/ Daniel R. Wilson
Daniel R. Wilson
Attorney for Defendant/Movant
Marion Hungerford

# CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2010, a copy of the foregoing document was served on the following persons by the following means:

<u>  1,2  </u>  CM/ECF
<u>         </u>  Hand Delivery
<u>   3    </u>  Mail
<u>         </u>  Overnight Delivery Service
<u>         </u>  Fax
<u>         </u>  E-Mail

1. Clerk of District Court

2. James E. Seykora
   Assistant U.S. Attorney
   P.O. Box 1478
   Billings, MT 59103

3. Marion Hungerford, 07730-046
   FCI DUBLIN
   FEDERAL CORRECTIONAL INSTITUTION
   5701 8TH ST - CAMP PARKS
   Dublin, CA 94568

                                       /s/ Daniel R. Wilson
                                       Daniel R. Wilson
                                       Attorney for Defendant/Movant
                                       Marion Hungerford